## GALVIN et al. v. NATIONAL BISCUIT CO.

Civ. 39–382.

United States District Court
S. D. New York.
Feb. 23, 1949.

Herman E. Cooper and Kalman Sklar, both of New York City, for plaintiffs.

Davis, Polk, Wardwell, Sunderland & Kiende, of New York City, for defendant.

RIFKIND, District Judge.

Resisting defendant's motions to dismiss the complaint for lack of jurisdiction or, in the alternative, for summary judgment, plaintiffs concede that most of the facts are identical with those in Genuth v. National Biscuit Co., D.C.S.D.N.Y.1948, 81 F. Supp. 213, which this court dismissed for lack of jurisdiction under the Portal-to-Portal Act, 29 U.S.C.A. § 252(d). However, plaintiffs emphasize certain factual differences which they assert are sufficiently significant to warrant the denial of the present motions.

The allegations thus emphasized are: (1) From and after November 1, 1944, the union agreements here involved provided that, "The parties have agreed that fifteen minutes per day constitutes the reasonable average time consumed by the employees in changing to and from working clothes and that such time shall be included in hours of work and compensated as such". (2) More than 15 minutes per day is needed and is actually used for clothes-changing. (3) The quoted provision of the union agreement was intended to include all preliminary and postliminary activities, not only clothes-changing. (4) These activities required more than 15 minutes. (5) Both before and after Nov. 1, 1944, employees were regularly released from their productive activity five minutes earlier than the scheduled hour, during which time they engaged in postliminary activities such as washing. (6) These activities required more than 5 minutes.

It is not disputed that the additional fifteen minutes stipulated in the agreement have been included by the defendant in the calculation of hours worked.

Assuming plaintiffs' allegations of fact to be true, two questions are presented:

(1) where a postliminary activity was made compensable by custom but only when engaged in during a specified period of the shift—here the last five minutes—did the time spent in that activity outside of that period thereby become compensable?

(2) where a preliminary or postliminary activity was by contract made compensable for a specified length of time (here 15 minutes for clothes-changing), did any time spent in that activity in excess of the specified length of time thereby become compensable?

Plaintiffs argue that after November 1, 1944, clothes-changing was an activity compensable by an express provision of a written contract, 29 U.S.C.A. § 252(a) (1); that both before and after that date certain postliminary activities were compensable by custom, 29 U.S.C.A. § 252 (a) (2); that in calculating employed time, all the time during which an employee engaged in a compensable activity must be included, 29 U.S.C.A. § 252(b); that if employed time is so calculated, the defendant will be found liable for unpaid overtime compensation.

Section 2(b) of the Portal-to-Portal Act of 1947, reads as follows: "For the purposes of subsection (a), an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable". 29 U.S.C.A. § 252(b).

In reporting on this subdivision of the Act, the managers on the part of the House, in the Conference Report, H.R. Rep.No. 326, 80th Congress, 1st Session, April 29, 1947, stated as follows: "The Conference agreement (section 2(b) ) contains a provision not stated expressly in either bill, that an activity shall be considered as compensable under the above referred to contract provision or custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable. Under this provision, for example, if under the contract provision or custom or practice an activity was compensable only when engaged in between 8 and 5 o'clock but was not compensable when engaged in before 8 or after 5 o'clock, it will not be considered as compensable activity when engaged in before 8 or after 5 o'clock. * * * The bill as agreed to in Conference also contains a provision (section 2(c) ) that in the application of the minimum wage and overtime compensation provisions of the three Acts, in determining the time for which an employer employs an employee there shall be

counted all that time, but only that time, during which the employee engaged in activities which were compensable, within the meaning of subsections (a) and (b) of this section. This provision, which is in the nature of a clarifying statement, is for two purposes, (1) to emphasize that employers are not relieved from liability for the payment of minimum wages and overtime compensation under the three Acts for any time during which the employee engaged in activities compensable under the rules above stated, and (2) to make it clear that only such time will be counted for the purposes of applying the minimum wage and overtime compensation provisions of the three Acts, and that it, therefore, will not be possible by judicial or administrative interpretation to include other time which was not made compensable under the rules above stated. The second above named purpose was the purpose of that portion of section 2 of the Senate Amendment which stated that no judicial or administrative interpretation of the three Acts should have the effect of changing a contract so as to make compensable any activity which the previous portion of the section had declared to be not compensable".

In the light of the illustration contained in the Conference report, the first question here presented must be answered in the negative. Insofar as plaintiffs' claim is based on the allegation that both before and after the 1944 contract it was the custom to allow employees to suspend five minutes before the end of the shift for postliminary activities such as washing up, it is clearly proscribed by the statute.

The second question is not so readily resolved by the statute. Defendant argues that in computing employed time, only that time is to be counted during which the activities were by contract made compensable. Plaintiffs suggest that the parties are not free by contract to limit compensable time, and that once an activity has been made compensable for any length of time, then all time spent in that activity is, by force of the statute, compensable.

The purpose and motivation of the Act certainly lean in the direction of the defendant's contention, although the language employed provides no conclusive answer to the plaintiffs' argument. The statute was designed to relieve employers of the obligation to pay for time spent in so called portal-to-portal, non-productive activities which neither they nor their employees had theretofore considered by custom or contract to be compensable. I do not find in the Act the intention that a promise by the employer to pay for fifteen minutes of clothes-changing time, for which he would not be compelled by statute to pay, absent the promise, should impose liability for thirty minutes or more. Such a construction of the statute, if applied to post Portal-to-Portal Act activities (the relevant provisions of the Act are similar; compare 29 U.S.C.A. § 252(b), (c) with 29 U.S.C.A. § 254(c), (d) ) tends to remove preliminary and postliminary activities from the sphere of collective bargaining.

I recognize that a certain literal difficulty remains. Neither contract nor custom can open an avenue of escape from the obligations imposed by the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. A contract may not validly dictate that eight hours work shall be calculated as seven hours. But in the construction of the statute common sense is not outlawed. At least with respect to the kind of activity which the Portal-to-Portal cases brought to the attention of Congress and which generated the Congressional will to enact § 2 of the Portal-to-Portal Act, (see 29 U. S.C.A. § 251 and § 254) it seems plausible that when Congress hinged liability on contract or custom it meant to say that employers and employees were free to contract or agree. The construction advocated by plaintiff is inconsistent with such freedom.

No great obstacle to summary disposition of this case is presented by plaintiffs' afterthought that they may not in all cases have received compensation at one and one half times the regular rate for the 15 minute clothes-changing period. This in itself gives rise to no claim under the Fair Labor Standards Act, which requires the payment of overtime for all time in excess of 40 hours per week. It does not command overtime compensation with respect

538

to any portion of the day. Defendant's affidavits averring that all time in excess of 40 hours per week was paid for at 150% of the regular rate are uncontroverted. The final suggestion that the compensation for the 15 minutes of clothes-changing time was not adjusted for shift premiums is baseless. It need not be. Nothing in Aaron v. Bay Ridge Operating Co., Inc., D.C.S.D.N.Y.1947, 69 F.Supp. 956, reversed 2 Cir., 1947, 162 F.2d 665, affirmed as modified, Bay Ridge Operating Co. v. Aaron, 1948, 334 U.S. 446, 68 S.Ct. 1186, suggests that there is any impropriety in providing different scales of pay for different categories of activity.

With respect to the last mentioned claims for overtime compensation based upon the alleged failure to pay for the 15 minute clothes-changing period at one and one half times the regular rate, summary judgment is granted in favor of the defendant.

In all other respects the complaint is dismissed for lack of jurisdiction.