SMITH et al. v. CLEVELAND PNEUMATIC TOOL CO.

No. 10708.

United States Court of Appeals Sixth Circuit.

April 22, 1949.

Arnold M. Edelman, of Cleveland, Ohio (Howell Leuck and D. J. Lazear, both of Cleveland, Ohio, on the brief), for appellants.

John J. Reidy, of Cleveland, Ohio (Falsgraf, Reidy & Pangrace and John J. Reidy, all of Cleveland, Ohio, on the brief), for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

**776**

PER CURIAM.

Appellants brought this action under the provisions of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219, prior to the enactment of the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq, on behalf of themselves and approximately 6,000 other employees of the appellee to recover unpaid compensation and liquidated damages in the total amount of $10,000,000. Appellants claimed compensation for unpaid working time of 40 minutes per day consisting of waiting periods during which they were required to be present and available for work, and resulting from the failure on the part of appellee to provide adequate facilities regulating the commencement and termination of a day's work. They also claimed compensation for unpaid working time resulting from a rule of the appellee under which any employee who reported for work three or more minutes late was required to work fifteen minutes without being paid therefor.

On August 22, 1947, following enactment of the Portal-to-Portal Act on May 14, 1947, the appellee moved the Court to dismiss the suit for lack of jurisdiction. On November 10, 1947, the appellants moved for leave to file a second amended and supplemental complaint, which alleged that they were entitled to be paid for the 40 minutes per day periods referred to "because of an express provision of a contract in effect at the time between them as employees, thru the collective bargaining representatives, and the defendant." On March 31, 1948, the District Court denied appellants' motion to file the second amended and supplemental complaint and sustained appellee's motion to dismiss the action. This appeal followed.

The District Court's order was made prior to our decision, but in accordance with the ruling therein, in Fisch v. General Motors Corporation, 6 Cir., 169 F.2d 266, in which the Portal-to-Portal Act was discussed and its constitutionality upheld. We agree with the additional ruling of the District Judge, for the reasons indicated by him in his memorandum opinion, that the Portal-to-Portal Act is applicable to the 40-minute periods of time referred to, and that the filing of the second amended and supplemental complaint was not authorized.

The opinion of the District Judge did not discuss the 15-minute periods of time above referred to. We are of the opinion that they are not covered by the provisions of the Portal-to-Portal Act in that it was part of the regular working time covered by the contract of employment during which appellants performed the usual and routine duties of their respective jobs. However, the amount of such unpaid working time is not disclosed by the complaint, but is merely included generally, in addition to the 40-minute periods, as a part of the total unpaid working time for which the recovery is sought. Obviously, it was not a daily occurrence for any particular employee. It was offset to some extent, if not entirely, by the instances in which the employee was paid for the full quarter hour, although starting work late, but before the 3-minute period elapsed. Under such circumstances, we are of the opinion that the de minimis rule is applicable. Frank v. Wilson & Co., 7 Cir., 172 F.2d 712. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692, 66 S.Ct. 1187, 90 LEd. 1515.

The judgment of the District Court is affirmed.