## GENUTH et al. v. NATIONAL BISCUIT CO.

No. 21532.

United States Court of Appeals Second Circuit.

Motion Argued Nov. 10, 1949.

Decided Nov. 28, 1949.

Herman E. Cooper, New York City, for plaintiffs-appellants; Irving Rozen, New York City, counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant-appellee; S. Hazard Gillespie, Jr., and Edward J. McGratty, Jr., New York City, counsel.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

The plaintiffs, employees of the defendant National Biscuit Company, sue to recover for overtime items of service consisting of "walking to and fro from building entrance to locker of dressing room; changing to and from special clothing from street clothing at beginning and end of shift and washing; walking to and fro from locker or dressing room to time clock; time clock punching; walking to and fro from work place to time clock." They show no custom to pay for such services, nor do they set forth any contract with the employer for payment but, relying on the decision of the Supreme Court in Anderson v. Mt. Clemens Pottery Co., 328 U. S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, insist that the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., relieving employers from payment of those items where there was neither a custom nor a contract to that effect, is unconstitutional.

At the time the principal complaint was filed, the Portal-to-Portal Act had not been enacted. Judge Rifkind granted a judgment for the defendant on the ground that the case was within the terms of the Act, which at the time of his decision had been held constitutional. He, however, granted leave to the plaintiffs to amend their pleading in order to present claims for the period subsequent to the effective date of the

Act, and they have appealed from his decision dismissing their original complaint.

While we think that the dismissal of the original complaint was warranted by the terms of the Portal-to-Portal Act, for the reasons clearly stated in the opinion of Judge Rifkind, the appeal must be dismissed since no final disposition has been made of the claim in view of the permission to file an amended supplemental complaint. American Broadcasting Company v. Wahl Co., 2 Cir., 121 F.2d 412. The appeal is accordingly dismissed for lack of jurisdiction.