GALVIN et al. v. NATIONAL BISCUIT CO.
No. 21533.

United States Court of Appeals
Second Circuit.

Motion Argued Nov. 19, 1949

Decided Nov. 28, 1949.

Herman E. Cooper, New York City, for plaintiffs-appellants; Irving Rozen, New York City, counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant-ap-

pellee; S. Hazard Gillespie, Jr., and Edward J. McGratty, Jr., New York City, counsel.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

This appeal essentially involves considerations which were before the court in the companion case of Genuth et al. v. National Biscuit Company, 2 Cir., 177 F. 2d 962. A different set of employees of defendant, National Biscuit Company, is here involved, and the plaintiffs seek to differentiate the Genuth case, supra, on the ground that there was a custom at the plant to pay for portal-to-portal activities as well as a contract to do so.

The plaintiffs' claim was set forth in the following allegations of the complaint as recited by Judge Rifkind in the court below which was assumed to allege the true facts for the purpose of his decision [82 F.Supp. 535, 536]:

"(1) From and after November 1, 1944, the union agreements here involved provided that, 'The parties have agreed that fifteen minutes per day constitutes the reasonable average time consumed by the employees in changing to and from working clothes and that such time shall be included in hours of work and compensated as such'. (2) More than 15 minutes per day is needed and is actually used for clothes-changing. (3) The quoted provision of the union agreement was intended to include all preliminary and postliminary activities, not only clothes-changing. (4) These activities required more than 15 minutes. (5) Both before and after Nov. 1, 1944, employees were regularly released from their productive activity five minutes earlier than the scheduled hour, during which time they engaged in postliminary activities such as washing. (6) These activities required more than 5 minutes."

Judge Rifkind held that the facts set forth in plaintiffs' claims were insufficient to justify any recovery under the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., and granted a summary judgment for the defendant in respect to those claims.

The plaintiffs have filed no record on their appeal within the prescribed time and the defendant has moved to dismiss the appeal because of their default. We are satisfied that the plaintiffs have shown no merit in their claims. Accordingly the appeal is dismissed because it involves no substantial question of law or fact for the reasons given by Judge Rifkind in Galvin v. National Biscuit Co., D.C., 82 F.Supp. 535.