**ABEL et al. v. MOREY MACHINERY CO., Inc.**

United States District Court
S. D. New York.

May 10, 1950.

Frank Scheiner, New York City, for plaintiffs.

Proskauer, Rose, Goetz & Mendelsohn, New York City, Harold H. Levin, New York City, of counsel, for defendant.

SAMUEL H. KAUFMAN, District Judge.

Defendant moves for an order dismissing plaintiffs' amended complaint and for summary judgment.

The action is brought to recover overtime compensation and liquidated damages for certain preliminary and postliminary activities engaged in by plaintiffs at defendant's plant, which activities, it is claimed, were not taken into account in calculating the compensation paid plaintiffs. Defendant contends that recovery is barred under the provisions of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq.

The action was instituted by the filing of a complaint on January 16, 1947. Subsequent to the enactment of the Portal-to-Portal Act, and on October 28, 1947, an amended complaint was filed. The preliminary activities are alleged to have been walking, changing clothes, punching time clocks, obtaining equipment, and other necessary preparations. The postliminary activities are alleged to have been the preserving and maintaining of equipment, including the closing down or storing thereof, changing clothes, washing and walking. It is also alleged that similar activities were pursued during lunch hours.

It is alleged that the activities for which compensation is sought "are activities which were compensable by the provisions of a contract or contracts in effect at the time of such activities * * * and/or by a custom or practice covering such activities in effect at the time of such activities * * * and such custom or practice was not inconsistent with the provisions of the contract or contracts aforesaid."

In support of this motion, defendant filed affidavits by its attorney, its president, and its personnel manager, as well as copies of its employment contracts. Plaintiffs filed an affidavit by their counsel.

█ The claims are not supported by the contracts. There is nothing in them which makes the alleged activities compensable. Newsom v. E. I. Du Pont De Nemours & Co., 6 Cir., 173 F.2d 856, 859, certiorari denied 338 U.S. 824, 70 S.Ct. 70.

█ Nor are the allegations in the affidavit submitted by counsel for plaintiffs sufficient to show that there was a custom or practice pursuant to which plaintiffs should be compensated for the time consumed in the alleged preliminary and postliminary activities. The fact that the alleged activities, if performed within regular working hours, would be compensable by custom or practice, does not make them compensable by custom or practice when performed without that period. Galvin v. National Biscuit Co., D.C., 82 F.Supp. 535, appeal dismissed, 2 Cir., 177 F.2d 963.

However, with respect to the activities relating to the obtaining of equipment and materials and the preservation and maintenance of equipment, it may be that a contract or custom need not be shown on the theory that such activities are integral parts of the principal activity. See Markert v. Swift & Co., 2 Cir., 173 F.2d 517, 521; Abbott v. American Machine & Foundry Co., D.C.S.D.N.Y., 9 F.R.D. 310, opinion of Rifkind, J., August 22, 1949.

It appears without controversy that the regular hours of work were from 8:00 A. M. to 12 Noon and from 12:30 P. M. to 4:30 P. M.

Referring to the claim that many plaintiffs were often required to perform services in procuring tools and materials prior to 8:00 A. M., the affidavit of defendant's president states "that neither the tool crib where the tools are kept nor the steel room where materials are stored *is opened until 8:00* A. M. and, therefore, it was impossible for the men to obtain the tools or raw materials prior to the hour when their compensable worktime commenced."

With respect to the claim that employees were required to work after 4:30 P. M. in putting away and cleaning their tools and machines and in finishing up whatever machining they were engaged in at the end of the day, the affidavit of defendant's president states: "There is no fixed time allowed for this purpose. If the employees have not gauged the time necessary for cleaning up, it would be of their own doing. The fact is, however, that when the whistle is blown, defendant's employees have been completely prepared to leave for the locker rooms and the difficulty experienced by defendant is that the employees allow too much time for cleaning up and are ready for the whistle before it is sounded."

This motion was originally noticed for September 20, 1949. Defendant's plants are in New York City and Queens. Ample time to secure and file competent affidavits or other material has been had and no reason has been advanced why they could not have been secured. Notwithstanding this, plaintiffs have submitted only the affidavit of their attorney, in which he states:

"Many plaintiffs, on many occasions, were required to commence operations prior to 8:00 A. M. by procuring prior to 8:00 A. M. various tools and raw materials.

\* \* \* \* \* \*

"\* \* \* Although the employees were allowed time prior to 4:30 P. M. to put away and clean their tools and machines and to finish up whatever machining they were engaged in at the end of the day, they were compelled to work after 4:30 P. M. to finish these tasks".

■ That affidavit of plaintiffs' attorney states that it "is based upon an investigation of the relevant facts of this motion and after communications and conferences with employees of the defendant". It is apparent, however, that it is insufficient to show the existence of a genuine issue of fact as to the aforesaid questions: the affidavit is not "made on personal knowledge", it does not "set forth such facts as would be admissible in evidence", nor does it "show affirmatively that the affiant is competent to testify to the matters stated therein", as required by subdivision (e) of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Consequently, it is concluded that the motion for summary judgment as to those activities should be granted.

There remains for disposition one additional question. It appears without dispute that defendant's employees were paid from 8:00 A. M., although they punched in as late as 8:04 A. M. However, if any employee punched in later than 8:04 A. M., and between that time and 8:15 A. M., he was not paid for work performed during that period.

Since the claims for these activities are based upon the usual duties engaged in by the employees, and since they were in fact performed during regular working hours, they are not barred by the Portal-to-Portal Act. The exact amount of the unpaid working time for which recovery is sought for these activities is not disclosed on this record, although it is apparent that it could not be more than 11 minutes on some days as to any employee.

Defendant contends that recovery as to such unpaid time is barred under the de minimis rule.

In Smith v. Cleveland Pneumatic Tool Co., 6 Cir., 173 F.2d 775, 776, a claim was asserted for unpaid working time resulting from a rule of defendant "under which any employee who reported for work three or more minutes late was required to work fifteen minutes without being paid therefor." In affirming an order of the District Court dismissing the action and denying motions to file an amended and supplemental complaint, the Court of Appeals, in referring to that claim, stated, 173 F.2d at page 776: "Obviously, it was not a daily occurrence for any particular employee. It was offset to some extent, if not entirely, by the instances in which the employee was paid for the full quarter hour, although starting work late, but before the 3-minute period elapsed. Under such circumstances, we are of the opinion that the de minimis rule is applicable."

■ The decision of the Court of Appeals in that case is directly in point and will be followed here. In so doing, this court is not unmindful of Rule 56 of the Federal Rules of Civil Procedure, which provides that a summary judgment may not be granted if a genuine issue of fact is presented; for on the undisputed facts it is concluded that the maximum time for which compensation could be claimed as to these activities is negligible. Green v. Planters Nut & Chocolate Co., 4 Cir., 177 F.2d 187; cf. Frank v. Wilson & Co., 7 Cir., 172 F.2d 712, 716, certiorari denied 337 U.S. 918, 69 S.Ct. 1159, 93 L.Ed. 1727.

■ As to those claims based on the obtaining of equipment and material, the preservation and maintenance of equipment, and the activities engaged in between 8:04 A. M. and 8:15 A. M., defendant's motion for summary judgment is granted. As to all other claims, defendant's motion to dismiss for lack of jurisdiction is granted.

Settle order on notice.