## UNITED STATES STEEL CO. v. BURKETT et al.

### No. 6304.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 9, 1951.

Decided Nov. 5, 1951.

490

Thomas W. Moses and Charles M. Love, Charleston, W. Va. (Dayton, Campbell & Love, Charleston, W. Va., on brief), for appellant.

L. F. Poffenbarger and John H. Goad, Charleston, W. Va. (Poffenbarger & Bowles and Goad & Goad, all of Charleston, W. Va., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal in an action to recover unpaid wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Plaintiffs were working as foremen and assistant foremen of the Carnegie-Illinois Steel Corporation, which has since been taken over and its liabilities assumed by the United States Steel Company. Their claim is for thirty minutes spent in the service of the employer and at its request in advance of going to work on their regular shifts for which they were paid, and ten minutes spent in the employer's service in performance of required service after the termination of the work of their regular shifts. The work done in advance of the regular shifts consisted in conferring with the foremen or assistant foremen shortly to go off duty with the current shift as to work in progress and problems to be encountered or anticipated. The work done after the completion of their regular shifts consisted in giving gate passes to the men who had been working under them. In his oral opinion, the District Judge summarized the facts with respect to this overtime work as follows: "I find from the preponderance of the evidence that each one of these plaintiffs came to work at the request of his superior at least thirty minutes ahead of the hour his shift started and the hour at which his pay was started; and I find too that each of them remained for the purpose of passing out the pass-out slips at least ten minutes after the end of the shift. There is some conflicting testimony on both of these points, but I find those facts from a preponderance of the evidence. Then I also find as facts, from what I believe is the clear evidence without any conflict, that the work which these plaintiffs did when they came on the job thirty minutes ahead of time was the same kind of work that the turn foremen did whom they were to

counts and makes his returns on the cash receipts and disbursements basis, the expenses of growing the unharvested crop or the unripe fruit will be deducted in full from ordinary income, while the entire proceeds from the sale of the crop, as such, will be viewed as a capital gain. Actually, of course, the true gain in such cases is the difference between that part of the selling price attributable to the crop or fruit and the expenses attributable to its production. Therefore, your committee's bill provides that

no deduction shall be allowed which is attributable to the production of such crops or fruit, but that the deductions so disallowed shall be included in the basis of the property for the purpose of computing the capital gain.

"The provisions of this section are applicable to sales or other dispositions occurring in taxable years beginning after December 31, 1950.

"The revenue loss under this provision is expected to be about $3 million annually."

relieve; that it was the type of work which they were employed to do, which they were expected by their superiors to do, and which was a useful, if not necessary incident to the supervisory type of work on which they spent the most of their time. Then I find that, as to the ten minutes that they were required to stay to pass out the slips, this was work which they were specifically required to do by the terms of their employment; and this, in my opinion, is shown by the testimony that when, during a certain period of time, the slips were passed out prior to the blowing of the whistle, the turn foremen were required by specific orders to stop that practice, and to pass out the slips after the whistle blew. I find that the passing out of the slips was a part of the work which they were expected to do, which they were employed to do."

The overtime work which plaintiffs did was not a matter of reaching the place of work or of personal preparation, but was normal work of the employer of the kind for which overtime compensation was provided by the contract of employment. With respect to this the District Judge found: "5. There was an express oral contract between the defendant and the plaintiffs to pay the plaintiffs for any overtime which they worked as a part of their duties in the capacity in which they were employed, and the thirty minutes before the regular shift and the ten minute period after the regular shift were made compensable by an express contract when the plaintiffs were employed as turn foreman."

The District Judge held that upon these facts the plaintiffs were entitled to recover wages and overtime for the 40 minutes work done before and after their regular shifts and that they are not barred of recovery by reason of section 2 of the Portal-to-Portal Act, 29 U.S.C.A. § 252. We think that this was clearly correct. We are in accord with what was said by the Court of Appeals of the Ninth Circuit in Biggs v. Joshua Hendy Corp., 183 F.2d 515, 520, as follows: "Cross-appellants further contend that work performed by appellants during lunch periods cannot be the basis for recovery under the Fair Labor Standards Act by reason of § 2 of the Portal-to-Portal Act, 29 U.S.C.A., § 252, because such work is not made compensable by the express provision of a contract within the meaning of § 2(a) (1). That section is directed against claims for compensation for activities, such as dressing for work, traveling within the plant to the job location, etc., which are different from the activities which comprise the regular, normal part of the employment. The section has no application where, as here, the work for which compensation is being claimed is the same kind of work as was performed throughout the remainder of the workweek."

As was well said by Judge Rifkind in Galvin v. National Biscuit Co., D.C., 82 F. Supp. 535, 537: "Neither contract nor custom can open an avenue of escape from the obligations imposed by the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. A contract may not validly dictate that eight hours work shall be calculated as seven hours." See also Frank v. Wilson & Co., 7 Cir., 172 F.2d 712; Joshua Hendy Corp. v. Mills, 9 Cir., 169 F.2d 898, 900; Smith v. Cleveland Pneumatic Tool Co., 6 Cir., 173 F.2d 775; Michigan Window Cleaning Co. v. Martino, 6 Cir., 173 F.2d 466; Central Missouri Tel. Co. v. Conwell, 8 Cir., 170 F.2d 641, 645. As said by Judge Gardner in the case last cited:

"In the instant case there is no claim seeking to recover for time consumed in walking to work or other activities either before or after the normal working hours. Here the claim is that these employees actually worked many hours in excess of the forty hours permitted by the Fair Labor Standards Act, not for activities of a Portal-to-Portal nature, such as were involved in Anderson v. Mt. Clemens Pottery Company, supra [328 U.S. 680, 66 S. Ct. 1187, 90 L.Ed. 1515], and we agree with the trial court that it was not the purpose of the Portal Act to destroy such claims.

"Section 207 of the Fair Labor Standards Act provides that, 'No employer shall, except as otherwise provided in this sec-

tion, employ any of his employees who is engaged in commerce or in the production of goods for commerce— * * * for a workweek longer than forty hours * *, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.'

"We are of the view that this provision of the Fair Labor Standards Act was neither repealed nor so modified as to make it necessary to plead, in an action to recover compensation for time actually devoted to the normal work for which the employee was employed, an express written contract or unwritten contract, or a practice or custom. Jackson v. Northwest Airlines, D.C. Minn., 76 F.Supp. 121. The court therefore had jurisdiction of the action and properly denied defendant's motion to dismiss."

There is nothing to the contrary in our decision in Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58, 64. That case involved claims for time of changing clothes and walking to and from the place where work was carried on, not the doing of work of the employer of the very sort that the employees were hired and paid to perform. The holding of the case was that Congress had not violated the Constitution in denying recovery for "claims of purely statutory origin, claims given by statute not as compensation for labor performed but as a means of regulating wages and hours of work in interstate commerce." What we held to be stricken down by the Portal-to-Portal Act were "claims * * * not based on contract, custom or practice". There is nothing said in the case which would prevent recovery of wages or overtime compensation for work and labor performed as here in regular line of duty and under the regular contract of employment in excess of the hours permitted by the Fair Labor Standards Act.

 Counsel for plaintiffs ask that we allow them additional compensation for services rendered in connection with this appeal. It appears, however, that they were allowed three thousand dollars by the court below; and, in our opinion, this is ample compensation for all services rendered in connection with the case.

For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.